IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| CARLOS L. GONZALEZ FIGUEROA, <u>et al.</u>,<br><br>**Plaintiff(s)**<br><br>**v.**<br><br>J.C. PENNEY PUERTO RICO, INC.,<br><br>**Defendant** | **CIVIL NO.** 07-1258(JAG) |

**MEMORANDUM**

GARCIA-GREGORY, D.J.

The Court of Appeals has requested that we furnish a statement of reasons in support of the entry of judgment in this case pursuant to Fed.R.Civ.P. 54(b). We will first discuss the relevant factual and procedural background which led to our Rule 54(b) certification.

**FACTUAL AND PROCEDURAL BACKGROUND**

On May 16, 2007, Carlos L. Gonzalez Figueroa, his wife Elsa Ivette Bermudez Mendez, and their children Karla Mitchelle Gonzalez Bermudez, Karla Marie Gonzalez Bermudez, and Carlos Manuel Gonzalez Bermudez ("Plaintiffs") filed an amended complaint against J.C. Penny Puerto Rico, Inc. ("Defendant"). The amended complaint alleges discriminatory acts under the Age Discrimination in Employment Act ("ADEA"), 42 U.S.C. §§ 12101, <u>et</u> <u>seq</u>., Puerto Rico's Act No. 100 of June 30, 1959, 29 P.R. Laws Ann. § 146, <u>et</u> <u>seq</u>., and under the tort statute, Article 1802 of the Puerto Rico Civil Code,

Civil No. 07-1258 (JAG)                                                      2

31 P.R. Laws Ann. § 5141. (Docket No. 7). On June 1, 2007, Defendant filed a "Motion to Dismiss Amended Complaint" in which it moved to dismiss Plaintiffs' ADEA claim because it was time barred. Defendant also alleged that under Article 1802 of the Puerto Rico Civil Code the claims were time barred because more than one year had elapsed from the moment Plaintiffs had full knowledge of the alleged tortious conduct and the filing of the original and amended complaint. (Docket No. 11).

On November 5, 2007, this Court issued an opinion and order granting in part and denying in part Defendant J.C. Penny Puerto Rico's Motion to Dismiss. In said opinion and order, we held that Plaintiff Carlos L. Gonzalez Figueroa ADEA claim was not time barred. However, this Court concluded that Plaintiffs' state law tort claims were time barred. (Docket No. 25). As a result, we entered partial judgment dismissing with prejudice the Article 1802 claims of Elsa Ivette Bermudez Mendez, Karla Mitchelle Gonzalez Bermudez, Karla Marie Gonzalez Bermudez, and Carlos Manuel Gonzalez Bermudez, effectively terminating their continued participation in this case. (Docket No. 26).

Afterwards, upon the request made by Plaintiffs' counsel, this Court issued an order stating that the partial judgment was made pursuant to Fed.R.Civ.P. 54(b) and, thus, subject to an appeal. (Docket No. 28). Plaintiffs Elsa Ivette Bermudez Mendez, Karla Mitchelle Gonzalez Bermudez, Karla Marie Gonzalez Bermudez, and

Civil No. 07-1258 (JAG)                                                3
Carlos Manuel Gonzalez Bermudez appealed the Rule 54(b) judgment.

## Discussion

Federal Rule of Civil Procedure 54(b) allows the entry of a judgment on fewer than all the claims in a multiple claim action. Spiegel v. Trustees of Tufts College, 843 F.2d 38, 42 (1st Cir. 1988). A Rule 54(b) certification should only be given when the disputed ruling is final. Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1, 7 (1980)(In making determinations under Rule 54(b), a District Court must first determine that it is dealing with a final judgment.) A ruling is final when it disposes fully "of at least a single substantive claim." Spiegel, 843 F.2d at 43(internal citations omitted). "Once the finality hurdle has been cleared, the district court must determine whether, in the idiom of the rule, there is no just reason for delay in entering judgment." Id.

Nevertheless, a "[C]ourt's talismanic statement in the judgment that 'there is no just reason for delay in the entry of Final Judgment' is not sufficient to signal a deliberative and properly considered" Rule 54(b) certification. Santa Maria v. Owens-Illinois, Inc., 808 F.2d 848, 854 (1st Cir. 1986). If the Court determines that the entry of judgment under Rule 54(b) is appropriate, it must "make specific findings setting forth the reasons for its order." Spiegel, 843 F.2d at 43; Knight v. Mills, 836 F.2d 659, 661 n.2 (1st Cir. 1987); Id. This requirement may be satisfied with a concise list of reasons. Spiegel, 843 F.2d at 43;

Civil No. 07-1258 (JAG)                                              4

Santa Maria, 808 F.2d at 855. Nonetheless, such a list may not be necessary when compelling considerations that justify the certification are self evident on the face of the record. Spiegel, 843 F.2d at 43 n.4.

The First Circuit has requested that we furnish our reasons for our Rule 54(b) certification. Accordingly, we will provide the reasons for our Rule 54(b) judgment since it will permit the Circuit Court to effectively review the ruling.[1] The first reason for certifying the judgment under Rule 54(b) is that this Court held that Elsa Ivette Bermudez Mendez, Karla Mitchelle Gonzalez Bermudez, Karla Marie Gonzalez Bermudez, and Carlos Manuel Gonzalez Bermudez's state law claims were time barred. This ruling is final for Rule 54(b) purposes because the aforementioned Plaintiffs' claims and their participation in the case at bar have been terminated and the only remaining and entirely separate claims pending disposition are those based on age discrimination by Plaintiff Carlos L. Gonzalez Figueroa, pursuant to ADEA and its related state law statutes. The other reason for certifying the partial judgment is that Plaintiffs' counsel requested that the Court certify the judgment under Rule 54(b).

---

[1] A statement of reasons provides a predicate for meaningful review, and avoids needless imposition upon the appellate process and its resources. Santa Maria v. Owens-Illinois, Inc., 808 F.2d 848, 855 (1st Cir. 1986).

Civil No. 07-1258 (JAG)                                                5

                                        S/Jay A. Garcia-Gregory
                                        JAY A. GARCIA-GREGORY
                                        United States District Judge